UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TORI JANE HAM,

                Plaintiff,

-against-

ICL BRONX HOUSE INSTITUTE FOR COMMUNITY LIVING; ANGELYCE SCOTT,

                Defendants.

1:21-CV-3910 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this *pro se* action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, alleging that the defendants discriminated against her because she is caring for her elderly grandfather. She sues her former employer, "ICL Bronx House Institute for Community Living" ("ICL"), and ICL's Associate Vice President of Human Resources, Angelyce Scott. The Court construes Plaintiff's complaint as also asserting claims under the New York State and City Human Rights Laws, N.Y. Exec. Law §§ 290 to 297; N.Y.C. Admin. Code §§ 8-101 to 131.

    By order dated June 1, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action but grants Plaintiff leave to replead.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

# BACKGROUND

Plaintiff alleges the following:[1] Plaintiff began her employment with ICL in February 2016; she was employed by ICL as an administrative assistant. Plaintiff cares for her elderly grandfather, who lives with her and "has [an unspecified] disability that makes him particularly vulnerable to COVID-19." (ECF 2, at 20.) In March 2020, Plaintiff's supervisor became ill with pneumonia, and after two weeks of sick leave, the supervisor returned to work still sick. Plaintiff also "interacted with a client who was ill . . . [and who] later passed away on April 2, 2020." (*Id.* at 5.) Because Plaintiff was concerned that she could infect her elderly grandfather with illness, including COVID-19, she requested to work from home.

When the COVID-19 pandemic began, ICL allowed its employees to work from home for two days per week. As the pandemic progressed, ICL "gave the employees more flexibility in working from home. One option was to work from home five days a week. . . ." (ECF 2, at 21.) On March 26, 2020, Plaintiff requested that option. The next day, ICL granted Plaintiff permission to work from home. But on March 30, 2020, ICL withdrew that permission.

ICL's stated reason for denying Plaintiff's request to work from home was that Plaintiff would not have enough work to perform while at home. Plaintiff asked if she could visit the office during the morning of each work day, before any of the other employees arrived, to retrieve necessary documents to work from home. But ICL refused her request.

Plaintiff's supervisor informed Plaintiff that in addition to working at the office, Plaintiff would be required "to work the front desk" (*id.*), which was not in Plaintiff's job description. In

---

[1] The Court's summary of Plaintiff's allegations is gleaned from the complaint's statement of claim and its attachments.

response, Plaintiff submitted proposed plans for projects that were within her job duties and that she could perform from home. But her supervisor continued to insist that she come to the office.

After consulting with the New York State Department of Labor, on March 31, 2020, Plaintiff submitted a letter to ICL, informing ICL that due to her exposure to ill colleagues and her potential exposure to ill individuals that ICL serves, and because of her concern for her elderly grandfather's health, she was going to self-quarantine for two weeks. On April 16, 2020, after speaking to her supervisor, Plaintiff received a letter from Scott informing her that ICL had terminated her employment because it understood Plaintiff to have abandoned her job.

Plaintiff seeks backpay and reinstatement.

## DISCUSSION

Plaintiff does not allege that she herself is disabled. But she seems to allege that her grandfather is disabled, and that she suffered discrimination because of her association with her grandfather. The Court therefore construes Plaintiff's complaint as asserting claims of associational discrimination under the Americans with Disabilities Act ("ADA").

Under the ADA, employers are prohibited from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Associational discrimination is a type of employment discrimination that is prohibited by the ADA; the statute describes it as "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the

known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4).[2]

Courts have recognized the following categories of associational discrimination under the ADA:

> 1) "expense," in which an employee suffers adverse action because of his association with a disabled individual covered by the employer's insurance, which the employer believes (rightly or wrongly) will be costly; 2) "disability by association," in which the employer fears that the employee may contract or is genetically predisposed to develop the disability of the person with whom he is associated; and 3) "distraction," in which the employer fears that the employee will be inattentive at work due to the disability of the disabled person.

*Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 432 (2d Cir. 2016) (quoting *Larimer v. Int'l Bus. Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004)) (footnote omitted).

To state a claim of associational discrimination under the ADA, a plaintiff must allege facts showing:

> 1) that she was qualified for the job at the time of an adverse employment action; 2) that she was subjected to adverse employment action; 3) that she was known at the time to have a relative or associate with a disability; and 4) that the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision.

*Kelleher v. Fred. A. Cook, Inc.*, 939 F.3d 465, 467-68 (2d Cir. 2019) (quoting *Graziadio*, 817 F.3d at 432).

Even assuming that Plaintiff has alleged facts sufficient to satisfy the first two requirements, she has not alleged facts to satisfy the third and fourth requirements: she has failed to allege facts showing that her grandfather was disabled within the meaning of the ADA, that

---

[2] The relevant regulation implementing this statutory provision prohibits discrimination "because of the known disability of an individual with whom the qualified individual is known to have a family, business, social or other relationship or association." 29 C.F.R. § 1630.8.

ICL was aware of that fact, or that any adverse employment action, which could include her being denied permission to work from home or the termination of her employment, "occurred under circumstances raising a reasonable inference that the disability of [her grandfather] was a determining factor in [ICL's] decision." *Id*. Accordingly, the Court dismisses Plaintiff's claims under the ADA for failure to state a claim on which relief may be granted. But in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead her claims of associational discrimination under the ADA.

## CONCLUSION

The Court dismisses this action but grants Plaintiff 30 days' leave to file an amended complaint in which she alleges facts sufficient to state a claim of associational discrimination under the ADA. An amended complaint form for an employment discrimination action is attached to this order. Plaintiff may use that form to comply with this order. If Plaintiff files an amended complaint, it will completely replace, not supplement, her original complaint. Thus, any claims, allegations, or attachments that Plaintiff wishes to preserve must be reasserted in or attached to her amended complaint.

If Plaintiff fails to comply with this order within the time allowed, or fails to state a claim, the Court will dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under its supplement jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

Plaintiff has consented to electronic service of court documents. (ECF 3.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 28, 2021
        New York, New York

                                             /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge